FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

FEB 19 2010

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LUCIOUS L. JOHNSON,
GDC NO. 212636,
    Plaintiff,

v.

L. GALE BUCKNER and
BRIAN OWENS,
    Defendants.

PRISONER CIVIL RIGHTS
42 U.S.C. § 1983

CIVIL ACTION NO.
1:10-CV-0256-TWT

## ORDER AND OPINION

Plaintiff has submitted the instant *pro se* civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity screening.

I.    The Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

AO 72A
(Rev.8/82)

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." *Id.* If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (more than merely "conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

II. Discussion

Plaintiff was convicted, pursuant to a jury trial in the Superior Court of Harris County, of false imprisonment, rape and three counts of aggravated assault.

2

*Johnson v. State*, 677 S.E.2d 221, 223 (Ga. Ct. App. 1999). These crimes were committed on or about June 27, 1996. (www.dcor.state.ga.us.) Plaintiff was found to be a recidivist and received sentences of twenty (20) years for each of his aggravated assault convictions, ten (10) years for his false imprisonment conviction, and life imprisonment for his rape conviction. (Doc. 1 at ¶ IV.) All of the sentences were ordered to be served consecutively. (*Id.*)

Relevant to this action and prior to Plaintiff committing his crimes, the Sentencing Reform Act of 1994 ("Act") was passed. *See* O.C.G.A. § 17-10-6.1 (1994). The Act provided in pertinent part that one who had received a life sentence for rape "shall not be eligible for any form of parole or early release administered by the State Board of Pardons and Paroles until that person has served a minimum of 14 years in prison." O.C.G.A. § 17-10-6.1(c)(1).[1]

According to Plaintiff, the trial court erroneously failed to sentence him under the Act, and consequently, the State Board of Pardons and Paroles ("Board") was required to consider him for parole after serving seven years in prison. (Doc. 1 at ¶ IV). Plaintiff states that the Board will not consider him for parole until he serves fourteen (14) years in prison. (*Id.*) Plaintiff contends that

---

[1] The Act has since been amended to require a person to serve "a minimum of 30 years in prison." O.C.G.A. § 17-10-6.1(c)(1) (2006).

3

the Board has effectively "resentenced" him. (*Id.*) Petitioner maintains that the Board is a part of Georgia's executive branch and is prohibited from usurping the authority of the judiciary by resentencing him. (*Id.*) Plaintiff also argues that the resentencing by the Board violates the Ex Post Facto Clause of the United States Constitution. (*Id.*) Plaintiff states that he has raised these claims in three state court actions. (*Id.* at ¶ I.) Two of those actions have been dismissed and one is still pending. (*Id.*)

As relief, Plaintiff seeks a preliminary injunction directing Defendant L. Gale Buckner, Chairman of the Parole Board, and Defendant Brian Owens, Chairman of the Georgia Department of Corrections, "to cease and desist from restraining Plaintiff under 'void' sentences." (*Id.* at ¶ V.) Plaintiff also seeks money damages. (*Id.*)

As is evident, the portion of the Act to which Plaintiff refers provides specific instructions for the Board to follow. The statute defining rape and providing for its punishment states: "Any person convicted under this Code section shall, in addition, be subject to the sentencing and punishment provisions of Code Sections 17-10-6.1 and 17-10-7." O.C.G.A. § 16-6-1(b) (1996).[2]

---

[2] O.C.G.A. § 16-6-1(b) was amended to provide for a minimum sentence of "not less than 25 years." O.C.G.A. § 16-6-1(b) (2006).

4

Once Plaintiff was convicted of rape, he became subject to the parole restrictions of the Act. The Board has done no more than comply with the version of O.C.G.A. § 17-10-6.1(c)(1) in effect at the time Plaintiff committed rape. The Board has neither resentenced Plaintiff nor violated the Ex Post Facto Clause. This action should be dismissed as frivolous.

III. Conclusion

**IT IS ORDERED** that this *pro se* civil rights complaint [1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A. For the purpose of dismissal only, Plaintiff's request for leave to file this action *in forma pauperis* [2] is **GRANTED**.

**IT IS SO ORDERED**, this 18 day of February, 2010.

THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)